UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON DELEON,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF YAKIMA, CHIEF OF POLICE SAM GRANATO, and OFFICER C. STEPHENS, #4370,<br><br>        Defendants. | NO. CV-05-3083-LRS<br><br>**ORDER GRANTING DEFENDANT STEPHENS' MOTION FOR SUMMARY JUDGMENT** |

    Before the Court is Defendant Stephens' Motion for Summary Judgment filed pursuant to Fed. R. Civ. P. 56(b) on June 28, 2006.

## I. BACKGROUND

    Plaintiff brings this action for injuries allegedly sustained when he was arrested by Defendant Stephens on May 25, 2002 in Yakima, Washington. Plaintiff filed a notice of claim with the City of Yakima on June 18, 2003. The Plaintiff originally filed the instant claim on July 25th, 2005, in the Yakima County Superior Court. Defendants filed for removal to federal court on August 29, 2005. Plaintiff asserts claims of unreasonable seizure and excessive force pursuant to 42 U.S.C. § 1983 and unreasonable seizure, use of excessive force, and the tort of

ORDER GRANTING DEFENDANT STEPHENS' MOTION FOR SUMMARY JUDGMENT. . . - 1

1  outrage pursuant to the laws of Washington State.  Defendant Stephens was
2  served with a copy of the summons and complaint on November 22, 2005.
3  Plaintiff's federal claims appear to be time-barred.

## II. STATUTE OF LIMITATIONS FOR FEDERAL CLAIMS

The United States Supreme Court has established that claims arising under 42 U.S.C. § 1983 are to be governed by statutes of limitations under state law. *See Wilson v. Garcia*, 654 F.2d 546, 547 (9th Cir. 1981).  The Supreme Court has further established that the appropriate state statute of limitations for considering 42 U.S.C. § 1983 claims is "the general or residual statute for personal injury actions."  *Silva v. Crain,* 169 F.3d 608, 610 (9th Cir. 1999) (quoting *Owens v. Okure,* 488 U.S. 235, 250 (1989).  In Washington, the appropriate statute of limitations for 42 U.S.C. § 1983 claims is three years.  *See* RCW 4.16.080, *Bagley v. CMC Real Estate Corp.,* 923 F.2d 758, 760 (9th Cir. 1991), *cert. denied,* 502 U.S. 1091 (1992).

The three-year period of limitations begins to run when the cause of action "accrues."  *Malner v. Carlson,* 128 Wn.2d 521, 529 (1996).  A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Bagley,* 923 F.2d at 760.

The statute of limitations tolls "when the complaint is filed." RCW 4.16.170; *U.S. Oil & Ref. Co. v. Dep't of Ecology,* 96 Wn.2d 85, 91 (1981).  The same applies in an action to enforce a federally created right.  *Henderson v. United States,* 517 U.S. 654, 657 n.2 (1996);

ORDER GRANTING DEFENDANT STEPHENS' MOTION FOR SUMMARY JUDGMENT. . . - 2

*Hoffman v. Halden,* 268 F.2d 280, 302 (9th Cir. 1959); *rev'd on other grounds, Cohen v. Norris,* 300 F.2d 24 (9th Cir. 1962).

Plaintiff's complaint was filed in Yakima County Superior Court on July 25, 2005. Therefore, any claims involving conduct prior to July 25, 2002, are barred by the three-year statute of limitations applicable to 42 U.S.C. § 1983 claims.

Plaintiff argues that the statute of limitations should be extended for sixty days beyond the three year time period pursuant to RCW 4.96.020(4). RCW 4.96.020(4) provides that:

> No action shall be commenced against any local governmental entity for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof. The applicable period of limitations with in which an action must be commenced shall be tolled during the sixty-day period.

RCW 4.96.020(4).

Plaintiff notes that "in effect, RCW 4.96.020(4) provides a tort victim an *additional* 60-day period before the action must be brought." *Hintz v. Kitsap County,* 960 P.2d 946, 948 (1998) (*quoting Pirtle v. Spokane Pub. Sch. Dist. No. 81*, 921 P.2d 1084, 1087 (1996) (emphasis in the original).

Defendant argues that state notice of claim statutes such as RCW 4.96.020(4) may not be applied to 42 U.S.C. § 1983 claims. *Felder v. Casey,* 487 U.S. 131 (1988). The Court agrees with Defendant Stephens. Additionally, a majority of Justices of the Supreme Court of Washington concluded that RCW 4.96.020 does not apply to individuals.

ORDER GRANTING DEFENDANT STEPHENS' MOTION FOR SUMMARY JUDGMENT. . . - 3

*Bosteder v. City of Renton,* 155 Wn.2d 18, 56-57 (2005) (J. Sanders in concurrence with C.J. Alexander, J. Owens, J. Chambers, and J. Ireland joining). The statute of limitations for Plaintiff's 42 U.S.C. § 1983 claims is not extended by sixty days. Plaintiff's 42 U.S.C. § 1983 claims are accordingly **DISMISSED** for failure to file within the applicable statutory period.

### III. REMAINING STATE LAW CLAIMS

All that remains in this case as to Defendant Stephens, having dismissed Plaintiff's claims for violations of 42 U.S.C. § 1983, are state law tort claims (unreasonable seizure, use of excessive force, and the tort of outrage).

"[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors...points toward declining to exercise jurisdiction over the remaining state-law claims." *Imagineering, Inc. v. Kiewit Pacific Co.,* 976 F.2d 1303, 1309 (9th Cir. 1002) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988). Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim...if...the district court has dismissed all claims over which it has original jurisdiction." The Court, having dismissed plaintiff's federal claims, declines to exercise supplemental jurisdiction over any remaining state law claims against Defendant Stephens.

///

///

ORDER GRANTING DEFENDANT STEPHENS' MOTION FOR SUMMARY JUDGMENT. . . - 4

**IT IS ORDERED THAT:**

1. Defendant Stephens' Motion for Summary Judgment, **Ct. Rec. 14**, is **GRANTED.**

2. Plaintiff's 42 U.S.C. § 1983 claims are **DISMISSED with prejudice** as to Defendant Stephens.

3. Plaintiff's state law tort claims are **DISMISSED without prejudice** as to Defendant Stephens.

4. The Clerk is **DIRECTED** to enter judgment as to Defendant Stephens consistent with this order.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this  4th  day of August, 2006.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT STEPHENS' MOTION FOR SUMMARY JUDGMENT. . . - 5